### FOR THE

## WESTERN DISTRICT,

## 1856.

## COUNTY OF CUMBERLAND.

42 381
94 367
42 381
98 538

### EDWARD T. HARDY & al. versus AMBROSE COLBY & SARAH COVELL, Adm'x, Trustee, & HARRIS C. BARNES, Alleged Assignee.

A. and B. gave a joint and several promissory note, which A. paid at maturity, B. having deceased: — Held, that the note, having been paid by A., and being in his possession, was evidence of his claim against the estate of his co-promisor, for contribution.

A., being indebted to C., thereafter delivered the note to him, and took a receipt, whereby C. promised to account for it, when called for, or to return it: — Held, that the transaction was a valid assignment between the parties, and, being bona fide, could not be defeated by the process of foreign attachment.

Such delivery was a sale both of the evidence of the debt and of the debt itself, and the claim against B.'s estate thereby became the property of C. as perfectly as if it had been a note, not negotiable, against B. and payable to A.

The instrument given by C., furnished a valuable consideration, and it consequently constituted an essential element of the assignment.

An instruction, although erroneous, if it be not material and injurious to the excepting party, will not furnish ground for setting aside a verdict.

ON EXCEPTIONS and MOTION FOR NEW TRIAL from *Nisi Prius*, DAVIS, J., presiding.

This was an action of ASSUMPSIT. The plaintiffs sought to secure their debt against Colby by attachment of a claim which he was supposed to have against the estate of Hiram Covell; the same being evidenced by the joint and several note of Colby and Covell, which was paid by the former at maturity, the latter having deceased. After the action was entered in Court, Harris C. Barnes, who alleged that the claim of Colby against Covell's estate had been previously assigned to him, became a party to the suit in pursuance of the provisions of statute. The question, whether there had been a valid assignment of the claim to Barnes, prior to the service on the trustee, was submitted to the jury upon the evidence introduced by both parties, and the verdict was that there had been a prior valid transfer of the claim to Barnes.

The plaintiffs excepted to certain rulings and instructions of the presiding Judge, and also filed a motion for a new trial.

The other material facts in the case will appear in the opinion of the Court.

*Shepley & Dana*, for plaintiffs.

*Anderson & Harmon*, for alleged assignee.

HATHAWAY, J.—The defendant Colby, and Hiram Covell, owed Frances E. Stevens a joint and several note for four hundred dollars, which was paid and taken up by Colby. Hiram Covell died intestate, and Sarah Covell was appointed administratrix of his estate; and, as such, was summoned as trustee in this suit, and disclosed. Colby, having paid the whole of the note for which he and Covell were jointly liable, had a just claim against Covell's estate for contribution.

The administratrix, in her disclosure, stated that she was notified by Harris C. Barnes, before the service of the trustee process on her, that Colby had assigned said note to him.

Barnes, to maintain his claim as assignee, in pursuance of the provisions of the statute, became a party to the suit.

The question submitted to the jury, by the pleadings, was, whether or not, "prior to the service of the plaintiffs' writ in this case, the said fund had been, for a valuable consideration, assigned to the said Barnes?"

Colby, who was a competent witness, (R. S., c. 119, § 39,) testified, substantially, that he owed Barnes a note for five hundred and nineteen dollars and sixty-eight cents; that it was understood and talked over between them; that the Covell note was evidence of the indebtedness of Covell's estate to him; that he assigned his claim upon the estate to Barnes; and the note, as the evidence of it, in part satisfaction of his indebtedness to Barnes, who gave him for the same the written instrument of January 20, 1855, by which he acknowledged the receipt of the note, and promised to return it, or account for it, when called for; and that there was no other writing passed between them.

It is obvious, from the whole testimony of the witness, and from the manner in which the business was done, that both he and Barnes meant and understood the same thing, by the assignment of the *note*, (which had been paid by Colby,) and the assignment of Colby's *claim* against Covell's estate.

The note having been paid by Colby, and being in his possession, was evidence of his claim.

The delivery to Barnes, of the evidence of the debt, for a valuable consideration, was sufficient to render the assignment valid between the parties to it; and if valid between them, and *bona fide*, it cannot be defeated by the process of foreign attachment. *Littlefield* v. *Smith,* 17 Maine, 327; *Porter* v. *Bullard,* 26 Maine, 448.

The delivery of the note to Barnes, and his receipt for it, coupled with his promise to return it, or account for it when called for, was a sale to Barnes of the *evidence* of the debt, and of the debt also, which thereby became his property; and as perfectly so, as if the claim had been a note, not negotiable, against Covell, and payable to Colby. *Holbrook* v. *Armstrong,* 1 Fairf. 31; *Dearborn* v. *Turner,* 16 Maine,

17; *Buswell* v. *Bicknell*, 17 Maine, 344; *Perkins* v. *Douglass*, 20 Maine, 317.

The instrument which the witness called the receipt, furnished a valuable consideration, and therefore constituted an essential element of the assignment. Hence, the instruction of the Judge that the receipt constituted no part of the assignment, was erroneous; but it was immaterial, the plaintiffs were not injured by it, nor is any error perceived in the rulings or instructions of the Judge by which the plaintiffs could have been aggrieved.

The verdict of the jury sustained the assignment; and if they believed the evidence, there appears no reason why they should have come to a different conclusion.

*Exceptions and motion overruled.*

TENNEY, C. J., and RICE, CUTTING and GOODENOW, J. J., concurred.